### MECHANICAL EQUIPMENT CO. v. LEWIS.

(Supreme Court, Appellate Term, First Department.  November 8, 1912.)

PROCESS (§ 149*)—EVIDENCE AS TO SERVICE—WEIGHT AND SUFFICIENCY.

Evidence presented on the hearing of an appeal from a default judgment on the ground that the summons was not personally served *held* to show lack of personal service.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 202–205; Dec. Dig. § 149.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Mechanical Equipment Company against Samuel Lewis.  From a default judgment in favor of plaintiff, defendant appeals.  Reversed, and complaint dismissed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Bevins & Fluegelman, of New York City (M. Spencer Bevins, of New York City, of counsel), for appellant.

Shellabarger & Donovan, of New York City, for respondent.

PER CURIAM. Defendant appeals from a judgment taken by default, because of the nonappearance of the defendant, on the ground that no personal service of the summons was made, and the judgment is therefore void.

The process server makes affidavit that on August 19, 1912, about 11:15 a. m., he called at the Public Bank of New York City, where defendant was then employed, and inquired of the officer stationed at the door if Lewis, the defendant, was in, and was told that defendant was at that time downtown, but that he ordinarily returned to the bank about that time; that he thereupon left the interior of the bank, waited outside, and in 15 or 20 minutes heard the doorman say to a man coming in the bank, "Hello, Lewis," and the doorman then said to him, "There is Lewis now;" that he immediately followed the person so pointed out to him into the bank, and inquired of him if he was Samuel Lewis; that he said he was Samuel Lewis, and he then and there served him with a copy of the summons and complaint; that on learning, several days subsequently, that the defendant claimed he had not been served personally, he went again to the bank and inquired for Mr. Lewis; that Lewis was again pointed out to him in the bank, and he identified him as the person upon whom he had previously made service.

The defendant absolutely denies that service was made upon him personally, and swears that upon August 19, 1912, after returning from a routine trip downtown, about 11:15 a. m., he went to the note teller's desk, and there an envelope was handed to him, which he opened, and found inclosed therein a copy of the summons and complaint; that the envelope was opened in the presence of one Goldstein, the note teller; that subsequently he went to an attorney at law, and inquired whether the service was good service, and, upon being advised that the service was void, he did not appear in the action. He is corroborated in this regard by Goldstein, who swears that the envelope was opened in his presence; also by the affidavit of one Benjamin Aug, another clerk in the bank, who swears that the envelope in question, which he identifies, was handed to him on the morning of August 19th by a young man who asked for Mr. Lewis; that he told the young man that Lewis was out of the bank, and would not return till later in the day, whereupon he handed the envelope to Aug, and asked Aug if he would not deliver it to Lewis; that Aug said he would see that Lewis got the letter; that he (Aug) then took the envelope and laid it upon his desk in the check book department, and he afterwards saw Louis Aug, another clerk, take it to the note teller's department. Louis Aug also makes affidavit to finding the letter in the check book department and taking it to the note teller's department. Another clerk in the employ of the bank, one Kaplan, makes affidavit that he was present and saw the envelope left with Benjamin Aug, and corroborates Aug as to the conversation

that took place at that time; that Aug thereupon took the envelope and left it on his desk, and Louis Aug subsequently took it to the note teller's department. We think it clear, on all the proof, that no personal service was made.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs.