SALLY MECCA, Plaintiff, *v.* CHARLES YOUNG, Defendant.
JOSEPH MECCA, Plaintiff, *v.* CHARLES YOUNG, Defendant.

Supreme Court, Kings County, January 10, 1929.

*Abraham N. Davis,* for the plaintiff.

*Flynt, Sully & Horan* [*Wilberforce Sully, Jr.,* of counsel], for the defendant.

BENEDICT, Official Referee. This case was referred to an official referee by order of this court to hear the proof submitted by the

respective parties on the question whether personal service of the summons in these actions was made according to law upon the above-named defendant and to report thereon with his opinion, and, after hearing such proof as was offered on behalf of the plaintiffs and the defendant, I am of the opinion that such service was not made.

The testimony of the process server that he had made personal service of the summons according to law did not impress me as truthfully setting forth the facts attending such alleged service. On the contrary, the mother-in-law of the defendant testified that the process server came to the defendant's house and after asking if the defendant was at home and being informed by the witness that he was not, tendered the summons in the two actions to her and, on being advised that she declined to receive them, dropped them on the floor and left; that the defendant was not then at home but came in later in the day and that she, the mother-in-law, then handed the summons to defendant.

The defendant himself testified that he had never seen the process server until he saw him in court and denied that he had been served with the summons by him, although he admitted that he had received the summons in these actions on his return to his home, at the hands of his mother-in-law, and that this occurred on Saturday afternoon, November 10, 1928. He further testified that on Monday, November twelfth, he handed the summons to his attorney.

On these statements the plaintiffs' attorney shifted his position and, evidently abandoning his attempt to sustain the theory that his process server had effected personal service on the defendant, moved that it be held that the service had in fact been made by defendant's mother-in-law, whose statement was corroborated by defendant's oral admissions.

In my opinion this theory is not sound. While it is perfectly true that the object sought to be obtained by service of a summons is to inform a defendant that action is instituted against him, the authorities seem to require that proof of the service of a summons must be made either by an admission of such service formally made by the defendant in writing as provided by rule 53 of the Rules of Civil Practice, or by certificate or affidavit of service as therein stated. In this case there is no such formal admission of such service in writing by the defendant, nor any affidavit which states the facts required to be stated by subdivision 3 of the aforesaid rules.

It has been held that the casual delivery of the summons to a defendant by a person not acting under the authority of the plaintiff nor at his request does not effect the commencement of an action nor does it constitute service within the meaning of the Code

(now Civil Practice Act). (See *Williams* v. *Van Valkenburg,* 16 How. Pr. 144; *O'Connell* v. *Gallagher,* 104 App. Div. 492; *Mechanical Equipment Co.* v. *Lewis,* 137 N. Y. Supp. 873.)

In reliance on these authorities, I shall report that the summons was not personally served on the defendant in these actions and that these actions were not actually begun thereby.

Defendant's attorney will present for signature a report in accordance herewith with a copy of the stenographer's minutes taken on the hearing.