## HILTON a. THURSTON.

*New York Common Pleas ; Special Term, February,* 1855.

VACATING JUDGMENT.—NON SERVICE OF SUMMONS.

The Court will not set aside a judgment for non-service of summons when it appears that although the defendant had notice of an attempt to effect service upon him, he delayed to move, until supplementary proceedings were instituted.[*]

Motion to set aside judgment for irregularity.

The judgment in this case was entered upon a failure to answer ; the usual affidavit of service of the summons and complaint being filed. The defendant now denied the fact of service, by his own affidavit, and also produced the affidavit of one Plumbager, his book-keeper, who stated that some time in November he was served with a summons intended for Thurston. He told the young man making the service, that he was not Thurston. " Well," said the messenger, " you may give the papers to him ; " and he left them upon a chair, near-by.

DALY, J.—(Orally).—The judgment is not irregular. It was entered upon a regular affidavit of the service of the summons and complaint.

The defendant's affidavit now states that the person serving the summons and complaint, left them with the defendant's foreman, Plumbager. If the facts were as stated by the defendant, he knew that an attempt had been made to commence the suit by leaving the papers at his place of business, with his bookkeeper. From the admission made by him, it appears that he consulted his attorney, and learning that the service was insufficient, he concluded to let the plaintiff go on. He denies that he knew anything of the judgment, but carefully avoids denying that he knew of the service of the papers on his foreman, or that the papers, after that service, came into his possession. He knowingly suffered the plaintiff to go on, to enter up judgment,

---

[*] See also Southwell a. Marryatt, *Ante* 218.

issue execution, and after its return, to institute supplementary proceedings, and he now comes into court and moves that all the proceedings be set aside, with costs.

Such a course the court will not countenance. It has long been the established practice of the court that a party must make his application at the earliest practicable opportunity after the irregularity of which he complains has taken place, and not knowingly suffer further proceedings to be taken.

If there is any defence, the defendant will be allowed to come in and defend without terms; but as the fact of the personal service of the summons and complaint upon the defendant is positively sworn to by the affidavit on file, upon which the judgment was entered up, it will not be set aside upon such a case as the defendant discloses.

See Downes v. Witherington, (2 Taunt. 243).

---

## BRODERICK a. BOYLÉ.

*New York Common Pleas ; Special Term, February, 1855.*

MECHANICS' LIEN.—REQUISITES OF COMPLAINT.

The complaint of a sub-contractor who seeks to enforce a mechanic's lien for labor or materials, should show that his own contract with the contractor was made in conformity with the terms of the contractor's contract with the owner.*

Where it fails to show this, plaintiff will be required on motion, to make his complaint more definite and certain in this respect.

Motion that plaintiff make his complaint more definite and certain.

The complaint in this action was filed to enforce a lien for materials furnished. The complaint stated that the materials were furnished by plaintiff in pursuance of a contract made by him with a contractor with the owner ; but it did not state whether or not that contract was in conformity with the contract between the contractor and the owner.

DALY, J.—(Orally).—The law gives a lien in two cases :— 1, where a contract is made with the owner. 2, where a

---

\* See also Quin a. Mc Oliff, *post* 322.