## SUPREME COURT.

### DAVISON agt. BAKER.

Where the *service* of *process* or *papers* upon a person is made by *violently thrusting them upon his person,* the service will be held *void*, although the person or officer making the service may have stated the nature of the papers, and the person upon whom they were intended to be served refused to receive them. In other words, a person or an officer has no right to commit an *assault and battery* upon an individual in trying to serve the papers upon him.

Where a person upon whom service of process or papers is desired to be made, *refuses to receive them,* the person or officer making the service should inform him of the nature of the papers and of his purpose to make service of them, and *lay them down at any appropriate place in his presence.*

*Saratoga Special Term, August,* 1862.

A MOTION is made, on an order to show cause, to set aside the service of the summons and all subsequent proceedings herein.

J. C. ORMSBY, *attorney for plaintiff.*
AUGUSTUS PRENTICE, *attorney for defendant.*

BOCKES, Justice.   By the judgment roll it appears that
the summons and complaint were served on the defendant
personally, on the 7th May, 1861 ; that in June, 1862, an
order was obtained—the defendant having neglected to
appear—directing an assessment of plaintiff's damages
under a writ of inquiry.   The writ issued and was executed
on the 5th July, 1862, and the damages were assessed at
$500, for which sum, with costs, judgment was entered July
22d, 1862.

The defendant moves, on the roll and on his own affida-
vit, with that of James E. Brumley and of Augustus Pren-
tice, to set aside the entire proceedings, and avers that no
legal or valid service of the summons was ever made on him.

The plaintiff answers the application by his own affida-
vits, with those of Joseph Davison, Oliver Davison, Nelson
Ostrander, George Ostrander, Alva Beebe and Josiah V.
Loomis.

I have read carefully all the papers, and find, as I ex-
pected and intimated on the hearing of the motion, that
the affidavits on both sides are made up principally of
immaterial and unimpertinent matter.   The details of the
transactions alluded to in the papers, have no pertinency
whatever to the question, whether the summons was or was
not duly served—which question is the only one of moment
here.

The defendant states that the pretended service was in
this way : That he was present at a conversation between
Brumley and Oliver Davison, in regard to matters of diffi-
culty between them, as to which he, defendant, had acted
as Brumley's agent.   The conversation was spirited ; where-
upon Davison suddenly turned to defendant and thrust, or
attempted to thrust, some papers into his bosom, which fell
upon the ground.   Soon after, defendant and Brumley made

careful search for the papers where they fell, but were unable to find them. The defendant also swears that he did not then know, nor does he now know, what the papers were ; and that the only remark made by Davison, in any way connected with such service was this : " I will fix for Baker," or words to that effect.

Brumley corroborates the defendant as to the transaction, in substance. He says, that near the conclusion of the conversation between him and Davison, which was an angry one, Davison said to the defendant : " You have been too officious, and I will fix you," and then thrust the papers into defendant's bosom, when they fell to the ground. That very soon after, he and defendant searched where the papers fell, but they were unable to find them. He says no person was there after the attempted service and the search, except Davison ; and both defendant and Brumley charge in their affidavits, on their belief, that the papers were picked up or taken away by Davison.

If these persons have detailed all that occurred at the time of the alleged service, most clearly it was irregular, or rather there was no service. Instead of being a legal act, it was an assault and battery. As they state the case, Davison neither delivered to the defendant the papers, nor intimated to him that he wished to do so, but rudely and offensively thrust them upon him. The proceeding was uncivil and deserving rebuke, rather than favorable regard as a legal act.

Mr. Davison gives, however, a somewhat different version of the transaction. He says that he offered the papers to the defendant, and informed him that they were a summons and complaint, and that he refused to accept or receive them, and thereupon he quickly placed them in the defendant's bosom. If a party refuse to accept papers when decorously offered him, after being distinctly informed what they are, he should be held to the consequences of his own perverseness ; and then if they should be laid down for him

and before him, such offer, information, refusal to accept, and leaving of the papers for him and in his presence, should be deemed legal service. This would be in legal effect a delivery of the papers to the party and leaving them with him. It is not necessary that the papers be thrust into his bosom or upon his person. Such act is uncivil and offensive, and therefore irregular, to say the least of it. If not an actual breach of the peace, it tends to that end, and is reprehensible.

There is one charge in the moving papers which I think Mr. Oliver Davison should have met directly and distinctly. It is stated by both the defendant and Brumley, on their belief, that the papers were taken away, after they fell upon the ground, by Davison; and they state the circumstances on which they base their belief. I do not find any direct denial of this charge in Mr. Davison's affidavit. If he picked up the papers and carried them away, without informing the defendant that he had done so, or where they could be found or obtained, he did not act with entire fairness. But I shall not rest my decision on this point at all, as I am satisfied the service was irregular, not to say void, having been made by force. It may be asked, what shall be done in case a party will not accept papers offered him with a view to their service upon him? Suppose he reject them and turn away, how is service to be effected? The answer is ready and plain. The officer will inform him of their nature and of his purpose to make service of them, and lay them down at any appropriate place in his presence. This would be good service, undoubtedly, in case the party to be served refuses to receive them. It cannot be that the officer or person seeking to make service of a summons, must seize the party to be served, and compel him to take it; nor can he justify himself for any personal violence in order to make service  Service may be effected, and in all cases should be, without personal violence or incivility, and in my judgment the dignity of the court, as

Davison agt. Baker.

well as the high privilege of personal immunity, which every individual has a right to insist upon, demand that this rule should be strictly adhered to.

In this case I should be quite willing, if I could do so consistently, to allow the service of the summons to stand, setting aside all subsequent proceedings in the action; for it cannot be said, I think, that the defendant conducted with entire ingenuousness. Mr. Davison says he informed him of his purpose to serve the papers, and that he refused to receive them. This he denies, but I cannot disabuse myself of the belief that he well understood at the time of the attempted service, and afterwards, that Mr. Davison sought to make service of papers on him as a party in some legal proceeding. Indeed, he so admitted in substance to Joseph Davison and to Nelson and George Ostrander, and in effect so states in his own affidavit. While I am satisfied that the service was irregularly made, I am also impressed with a conviction that the defendant is not wholly blameless. On the whole, I must hold the service irregular, and I think the best way will be to set aside the entire proceedings. This will best vindicate the rule as to the service of papers which I feel bound to recognize, and is in effect scarcely different from setting aside all proceedings subsequent to the service of the summons. But the motion must be granted without costs. As I have stated, I cannot regard the defendant entirely without fault, and, besides, his motion papers are stuffed with irrelevant and impertinent matters; and the costs of the motion should be denied him for that reason, if there were no other.

Motion granted, without costs.