## O'CONNELL v. GALLAGHER et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

**1. DEFAULT JUDGMENT—SETTING ASIDE—PROOF OF SERVICE OF SUMMONS.**

Default judgment should on motion be set aside on the ground that there is no proof that there was personal service of summons, as required by Code Civ. Proc. § 426, subd. 4, the affidavit of service required by section 434, stating that affiant served the summons on defendant, and knew the person served to be defendant, while her affidavit in opposition to the motion stated that before proceeding to make service she was given a description of defendant to enable her to identify her, and the person served answered such description, and defendant making affidavit, supported by that of another, that she was not served.

**2. SAME—SERVICE OF SUMMONS.**

The discovery of a summons and its delivery to defendant by her employé is not the personal service thereof required by Code Civ. Proc. § 426, subd. 4, necessary to sustain a default judgment.

**3. SAME—LACHES.**

The mere fact that a defendant not served with summons knows of the action, and takes no steps to prevent proceedings therein, does not constitute laches, barring her right to have the default judgment set aside.

Appeal from Special Term, New York County.

Action by Thomas F. O'Connell against Margaret C. Gallagher, impleaded with others. From an order denying motion to vacate the judgment, said defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Joseph Fettretch, for appellant.
A. B. Morrison, for respondent.

INGRAHAM, J. This action was brought to foreclose a mortgage, and judgment was entered by default on October 21, 1904. Annexed to the judgment roll was an affidavit of the service of the summons and complaint upon the defendant Gallagher, who was the owner of the equity of redemption, in which the affiant swore that she had served the summons and complaint upon the defendant Gallagher, and that she knew the person served to be the person mentioned and described in the summons as one of the defendants in the action. On December 16, 1904, defendant Gallagher noticed a motion to set aside the judgment on the ground that the summons had never been served upon her. Her affidavit was corroborated by that of an employé, who swore that on July 16, 1904, a woman called at the place of business of the defendant Gallagher, and asked the deponent whether she was "Miss Callahan"; that deponent said she was not, that her name was "Miss Maher"; that after this woman had gone the deponent noticed a paper lying on the floor, which the deponent picked up, and found it to be a paper marked "Copy Summons and Complaint" in an action wherein Thomas F. O'Connell was plaintiff and Margaret C. Gallagher and others were defendants; that the deponent was the only person who saw this woman, and was with her all the time

until she left the house, and that the defendant Gallagher did not come into the room, nor did this woman see her. In opposition to this motion there was introduced the affidavit of Mary Lawler, who says that she was the person who made the affidavit of service of the summons and complaint on the defendant Gallagher; that before proceeding to serve the summons upon the defendant Gallagher the deponent was given a description of the said Margaret C. Gallagher to enable her to identify her as the defendant; that on the 16th day of July, 1904, she called at the place of business of the defendant Gallagher, was admitted to the house, and a lady answering in every respect to the description given of the defendant Margaret C. Gallagher came upstairs from the basement, and stated that she was Mrs. Gallagher; that the only person she saw was the person who said she was Mrs. Gallagher; that the deponent had a conversation with the defendant Gallagher in relation to the making of a dress and in relation to the price which she would charge, and then the person to whom the deponent was talking said, "I am not Mrs. Gallagher, but I am Madame Moore;" that Mrs. Gallagher was there formerly, but she had sold the establishment, and was not there any more; that as deponent walked toward the door she handed a copy of the summons and complaint to her, and placed it in her hand, and she let it drop on the floor; that the person whom the deponent served answered to the description of the defendant Gallagher as contained in another affidavit which was used in opposition to the motion. There was also produced an affidavit of the plaintiff's attorney which tended to show that the defendant Gallagher had been evading service of the summons. In reply affidavits were submitted by the defendant Gallagher corroborating the statement that the summons and complaint was not served upon her. Upon these affidavits the court denied the motion, and the defendant Gallagher appeals.

Subdivision 4 of section 426 of the Code of Civil Procedure provides that personal service of the summons upon the defendant being a natural person must be made by delivering a copy thereof within this state to the defendant in person; and section 434 of the Code provides that proof of service must be made by affidavit. The affidavit of service in this case states that the deponent knew the person served to be the defendant Gallagher, but from the affidavits submitted on this motion it appears that this statement was untrue; that the affiant did not know the defendant Gallagher personally, her only knowledge being that before proceeding to serve the summons, the affiant was given a description of the defendant Gallagher to enable her to identify her as the defendant. What this description was, or by whom it was given, does not appear; but the evidence is substantially undisputed that the summons and complaint was never delivered by the person serving the same to the defendant Gallagher. If we accept the affidavit of the employe of the defendant Gallagher, who saw the person who is alleged to have made the service, there was no service of the summons and complaint upon anybody, but it was left upon the floor of the defendant Gallagher's apartment by the person pretending

to have made the service. The fact that that paper was subsequently discovered and delivered to the defendant Gallagher by an employé would not be a service upon her, or require her to appear and answer the complaint. Upon the conceded facts there was no proof that the summons was served upon the defendant Gallagher as required by section 426 of the Code. Reading the two affidavits of the person who undertook to serve this summons on the defendant Gallagher together, it is quite apparent that there was no proof that she knew the defendant Gallagher, or that the summons was ever delivered to her personally, and therefore we think the motion should have been granted.

The motion was denied upon the ground that it was absolutely certain that the defendant Gallagher was apprised of what was going on, and that, as all that the Code requires is that the process shall be personally given to the defendant, and left with her, it makes no difference in whose employ a person is who made the service; that the delivery of the summons and complaint to the defendant satisfied every requirement of the Code; and that, as the defendant Gallagher had been guilty of gross and inexcusable laches in deliberately refraining from moving to set the service aside, relying upon the supposed invalidity of any judgment which might be entered, the motion should have been denied. I do not think this correctly states the requirements of the Code. The fact that the summons and complaint is found upon the floor of a house or in the street by a defendant in an action, or is delivered to a defendant in the action by one so finding it, is not the service that the Code requires, and defendant is under no obligation to appear and answer because a copy of the summons in an action in which she is named as a defendant comes incidentally into her possession, when there is no delivery of the summons as a service upon her. Under such circumstances the defendant was justified in waiting until the judgment was sought to be enforced. The question of laches, therefore, cannot be considered, as the defendant had the legal right to have this judgment set aside at any time upon it appearing that it had been entered without actual service of the summons. The proof by affidavit of the service of a summons required by the Code must be the affidavit of one who has some personal knowledge that the person served was the defendant in the action, or at least some proof from which such knowledge can be inferred. A judgment entered without personal service of the summons is void as against the defendant who has not been served, and, as it appears that the defendant Gallagher was not served, I think this judgment was void, and that the person against whom it purported to have been granted was entitled to have it vacated upon presenting to the court the fact that the summons had not been served upon her. The only case which sustains such a service is Hilton v. Thurston, 1 Abb. Prac. 318. That motion was denied because it was an irregularity to serve the summons upon the defendant's bookkeeper, and not upon the defendant, but such, we think, is not the result of such an attempted service of the summons. It was not an irregularity, but a nullity;.

and the judgment, as against defendant, upon whom the summons had not been served, was void.

Our conclusion is that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I do not think that there is a particle of proof that the summons and complaint have ever been served. The person who claims to have made the service admits having committed perjury in the affidavit of service. Hence no reliance whatever can be placed upon anything else sworn to by her.