TRUMAN C. IVES, Respondent, *v.* ANNA S. DARLING, Appellant.

Third Department, November 13, 1924.

Process — personal service of summons — motion to set aside default judgment — affidavit of process server stated that service was made on defendant's husband at request of defendant but did not state that server saw defendant or attempted to serve her — service was not sufficient under Civil Practice Act, §§ 225, 237 — personal service not waived — judgment set aside.

The personal service of the summons on the defendant in this action was not sufficient, under sections 225 and 237 of the Civil Practice Act, to give the court jurisdiction of her, since, while it appears in the affidavit of service that the process server served the summons on the husband of the defendant at the direction of the defendant, it does not appear that the process server saw the defendant or attempted to deliver the summons to her or that she refused to receive it; the facts do not show that the defendant waived personal service, which, under the circumstances, was required to give the court jurisdiction.

Accordingly, the motion by the plaintiff to set aside a default judgment entered against her on such improper service should be granted.

APPEAL by the defendant, Anna S. Darling, from an order of the Trial Term of the Rensselaer County Court, entered in the office of the clerk of the county of Rensselaer on the 29th day of March, 1923, denying the defendant's motion to set aside a judgment taken by default.

*Edward L. Ryan* [*John P. Taylor* of counsel], for the appellant.

*Heaton & Mambert* [*Alvin E. Mambert* of counsel], for the respondent.

VAN KIRK, J.:

That service of the summons had not been made upon the defendant was the ground of the motion. The process server made an affidavit of personal service of the summons upon this defendant. The defendant did not appear or answer. Thereupon judgment in regular form was taken by default. When this motion was made it appeared, if we accept the facts as presented by the plaintiff, that the form of the so-called personal service was as follows: The process server went to the home of the defendant; her husband came to the door; the process server told the husband his errand and was invited in; the defendant was in an adjoining room, about twenty feet distant; her husband spoke to her, saying: "Anna there is a man here with a summons and complaint in an action which Ives is bringing against you and wants to serve you with these papers. The said Anna S. Darling replied: ' You take them

for me George and it will be all right.' Whereupon I then handed a copy of the summons and complaint  \* \* \*  to the said George B. Darling,'' her husband. The process server says further that he knows it was the defendant who instructed her husband to take the summons and complaint, and that she was not more than twenty feet from the place where the husband and the process server were standing. He does not say that he at any time saw the defendant, or attempted to deliver the papers to her.

If the defendant be a natural person, an adult and competent, unless he has appeared generally in the action (Civ. Prac. Act, § 237), jurisdiction of him can only be acquired by service of the summons as provided by section 225 of the Civil Practice Act.

There was no proper or sufficient service of the summons or complaint upon the defendant in this action. There was no effort to deliver the summons to her; she did not refuse to receive it. No facts are shown justifying any other service than personal service in the usual form. (*Davison* v. *Baker*, 24 How. Pr. 39; *Williams* v. *Van Valkenburg*, 16 id. 144; *O'Connell* v. *Gallagher*, 104 App. Div. 492.)

The court below denied the motion, holding that defendant had waived personal service, citing *Hiller* v. *B. & M. R. R. R. Co.* (70 N. Y. 223). That case is not authority for the holding. There the action was against a railroad company and the question was whether or not the service authorized by the Legislature protected the constitutional rights of the defendant. The court said that it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him and have an opportunity to defend; and the court simply held that the provision for service upon a foreign corporation made by the Legislature did not violate this general rule and, therefore, the service was sufficient. It is not necessary to consider the conflict in the affidavits presented by the parties upon this motion. In the instant case it may be noticed in this connection that several of the important facts above stated from the affidavit of the process server are disputed in affidavits filed on behalf of defendant.

The order appealed from should be reversed, with costs, and the motion granted, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.