Breitel, J.
In this product liability action, defendant third-party plaintiff Ames Supply Co. appeals from an order of the Appellate Division, Second Department, unanimously affirming an order of the Supreme Court, Kings County, by a Special Beferee to hear and determine. The Special Beferee quashed the purported service of the third-party summons and dismissed the third-party complaint against Aerosol Besearch Co. for lack of personal jurisdiction, finding that Aerosol, a foreign corporation, was not doing business in the State and that service upon its New York-based employee had been defective. The Appellate Division unanimously affirmed, in a memorandum opinion, on *113 the ground that the service of summons was faulty. The Appellate Division granted leave to appeal to this court.
Two issues are presented. First, whether the requirement of CPLR 311 that the summons be “delivered” to a person authorized to receive service for a corporation is satisfied when the summons is left with a receptionist, not employed by the corporation, who later redelivers it to the proper person. Second, whether a foreign corporation does business in this State so as to subject it to general jurisdiction under CPLR 301 when it maintains an office in the State for its ‘[1] Eastern salesmanager, ” who regularly solicits and negotiates orders for its goods. Since the service in this case was so clearly defective there is no need to reach the second question.[1] .
Plaintiff John J. McDonald was injured in 1961 when he inhaled chemical material discharged by a can of spray paint which he was using at work. The paint can had been sold to plaintiff’s employer by defendant third-party plaintiff Ames Supply Co. The defective spray head which caused the accident had been manufactured by third-party defendant Aerosol. Plaintiff McDonald sued seller Ames, alleging negligence and breach of warranty, on October 9, 1961. On November 19, 1965 seller Ames served a summons and third-party notice and complaint upon the manufacturer Aerosol. Aerosol served no answer or appearance to the third-party complaint and thus defaulted.
The actions reached trial on January 17, 1966. At that time the trial court severed the main action and the third-party action for purposes of trial. In the main action, plaintiff recovered $20,000 against the seller Ames. After inquest on the default, Ames was awarded recovery over against manufacturer Aerosol. On January 17 (the date of trial) Aerosol obtained an order to show cause returnable January 19 in connection with its motion to dismiss the third-party complaint for lack of personal jurisdiction. Special Term stayed enforcement of the judgment against Aerosol and referred the motion to the Special Referee.
At a hearing before the Special Referee, conflicting testimony was presented concerning the manner of service upon Aerosol. *114 Samuel M. Goldfarb, a professional process server, testified that he had handed the summons and other papers to one Jack R. Schlossman, Aerosol’s eastern sales manager stationed in New York. However, Mr. Schlossman also testified that the summons had been left with the building receptionist (not an Aerosol employee), who handed it to him when he returned to the office. This testimony was confirmed by the receptionist. Mr. Schlossman forwarded the summons and other papers served to Aerosol’s main office in Illinois.
The Special Referee also took testimony concerning whether Aerosol was doing business in New York. Mr. Schlossman testified that he was Aerosol’s “Eastern salesmanager,” on a salaried basis, and represented the company in “ exploring with prospects and customers the eventual utilization'” of the company’s products. He received orders, looked them over, and transmitted them to the head office in Illinois. This activity had been conducted from a permanent office maintained by Aerosol in Ne'w York for 10 years. The office was listed in Aerosol’s name on the building directory as well as in the Manhattan telephone directory. Aerosol was not, however, licensed to do business in New York.
The Special Referee found that the summons had in fact been left with the building receptionist, and concluded that the statutory requirement of personal delivery had not been fulfilled. This finding and conclusion, as already noted, were affirmed by the Appellate Division.
CPLR 311 provides that:
“ Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows:
“ 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service ’ ’.
Plaintiff contends that delivery was properly effected when the receptionist handed the summons to Schlossman. However, this contention is contrary to well-established authority and to the policies underlying the requirement of personal delivery in the CPLR and the prior Civil Practice Act.
Numerous authorities hold that personal delivery of a summons to the wrong person does not constitute valid personal *115 service even though the summons shortly comes into the possession of the party to be served (Clark v. Fifty Seventh Madison Corp., 13 A D 2d 693, app. dsmd. 10 N Y 2d 808; Commissioners of State Ins. Fund v. Singer Sewing Mach. Co., 281 App. Div. 867; Loeb v. Star & Herald Co., 187 App. Div. 175, 179; Beck v. North Packing & Provision Co., 159 App. Div. 418, 420-421; O’Connell v. Gallagher, 104 App. Div. 492, 493, 495; Eisenhofer v. New Yorker Zeitung Pub. Co., 91 App. Div. 94; contra, Erale v. Edwards, 47 Misc 2d 213). A contrary rule would negate the statutory procedure for setting aside a defectively served summons, since the motion itself is usually evidence that the summons has been received (see Loeb v. Star & Herald Co., supra; Eisenhofer v. New Yorker Zeitung Pub. Co., supra). Contrary to seller Ames’ argument, it has been held that redelivery of a summons by the person to whom delivery was wrongly made does not constitute personal “ delivery” to the ultimate proper recipient (B & J Bakery v. United States Fid. & Guar. Co., 21 A D 2d 783; Ziembicki v. Mott Improvement Corp., 18 A D 2d 926; Mecca v. Young, 133 Misc. 540).
Distinguishable are those cases in which the process server has acted reasonably in placing the summons within reach of the defendant, and, therefore, with “ due diligence ” in fulfilling the statutory requirement of personal delivery (compare CPLR 308, subd. 3). In such cases, service is sustained even though the process server did not in fact hand the summons to the proper party. Thus, where the defendant resists service, it suffices to leave the summons in his general vicinity (e.g., Buscher v. Ehrich, 12 A D 2d 887; Chernick v. Rodriguez, 2 Misc 2d 891; Levine v. National Transp. Co., 204 Misc. 202; compare Green v. Morningside Hgts. Housing Corp., 13 Misc 2d 124, 125, affd. 7 A D 2d 708, where redelivery by the person wrongly served was upheld where it was “ so close both in time and space that it can be classified as a part of the same act ”, with Ives v. Darling, 210 App. Div. 521).[2] In all of these cases, the process server has acted reasonably and diligently in attempting to fulfill the statutory mandate and under cir *116 cumstances bringing the questioned process within the purview of the person to be served. Consequently, upholding service in such cases does not endanger the statutory scheme by encouraging careless service. In the instant case, on the other hand, there is no evidence of due diligence on the part of the process server. He left the summons with the building receptionist, while Mr. Sehlossman was absent, without even ascertaining whether the receptionist was a company employee. To sustain such service would encourage carelessness, or worse, thus increasing the risk of default by parties who in fact fail to receive the summons.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Jasen concur.
Order affirmed.

. See, however, Elish v. St. Louis Southwestern Ry. Co. (305 N. Y. 267); compare Bryant v. Finnish Nat. Airline (15 N Y 2d 426).

. Similarly, but more doubtfully, it has been held that where a process server reasonably mistakes the defendant’s son for the defendant, personal delivery is effected when the son redelivers to the father (Marcy v. Woodin, 18 AD 2d 944).