■ ROWANDA ISAF et al., Respondents, v. PENNSYLVANIA RAILROAD COMPANY, Defendant, and ERIE-LACKAWANNA RAILROAD COMPANY, Appellant.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered March 20, 1968, in Chemung County, which denied the motion of the defendant Erie-Lackawanna to dismiss the complaint, and to set aside the service of the summons and complaint on said defendant on the ground that the person to whom they were delivered was not its managing agent within the meaning of the statute. (CPLR 311, subd. 1.) This negligence action is based on an accident that occurred on November 5, 1962. Service of the summons and complaint was effected on November 4, 1965 upon the defendant, the Pennsylvania Railroad Company, by service on the Secretary of State pursuant to section 306 of the Business Corporation Law. At the same time the plaintiffs attempted to serve the appellant in the same manner, but service was rejected by the Secretary of State on the ground that section 103 of the Business Corporation Law did not apply to a domestic railroad corporation, and

such a corporation was not subject to service on the Secretary of State. In this regard such interpretation failed to take into consideration the amendments to the Business Corporation Law and the Railroad Law enacted in 1964. (L. 1964, ch. 725, § 2; L. 1964, ch. 735, § 5.) On November 4, 1965 plaintiffs' attorney attempted to serve the summons and complaint on the appellant at its station in Elmira, New York. He went to the office of James Morris, appellant's freight agent, and was told that Morris was out of the office temporarily. In the office at the time was Edward Kelley, the chief clerk, who was told the purpose of the attorney's visit, and who informed the attorney that he would accept service of the papers, whereupon he was served with the summons and complaint. Within one-half hour after Kelley received the summons and complaint, Morris returned and Kelley delivered the papers to him. Morris read the summons and complaint and called the division superintendent, and later the same day, he sent copies of the summons and complaint to the division superintendent and to appellant's general counsel in Cleveland, Ohio. Kelley testified that in the absence of Morris, he was in charge of the office; that it was his duty and that of Morris to see that all matters were reported to the proper authorities; and that he had in the past received service of garnishee orders. After a hearing, Special Term held that Morris was a "managing agent" within the meaning of CPLR 311 and, since Kelley was in charge of the office while Morris was absent, Kelley thus became a "managing agent" upon whom valid service could be made. The well-established rule is that a "managing agent" is "some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of a superior authority, both in regard to the extent of his duty and the manner of executing it." (*Taylor* v. *Granite State Provident Assn.*, 136 N. Y. 343, 346; see, also, *Barrett* v. *American Tel. & Tel. Co.*, 138 N. Y. 491; *Holzer* v. *Dodge Bros.*, 233 N. Y. 216; *Callan* v. *Lillybelle, Ltd.*, 20 A D 2d 877, app. dsmd., 16 N Y 2d 1074.) The duties of Kelley as chief clerk did not require the exercise of judgment and discretion contemplated by the rule since his duties were those of a clerk, bookkeeper, and timekeeper. His duties consisted mainly of distributing mail, checking reports, phoning information to the Hornell office, taking receipts to the bank, filing stationery requisitions, handling unemployment insurance claims, and relieving other clerks when they were on vacation, which duties do not constitute him as a "managing agent." Even assuming that Morris was a "managing agent", the temporary assumption of his duties by Kelley did not make Kelley a "managing agent" and the delivery of the summons and complaint by Kelley to Morris who actually transmitted it to the superintendent and general counsel did not validate an invalid service of process. Personal delivery of a summons to the wrong person does not constitute valid personal service even though the summons shortly thereafter comes into the possession of the party to be served. (*McDonald* v. *Ames Supply Co.*, 22 N Y 2d 111; *Clark* v. *Fifty Seventh Madison Corp.*, 13 A D 2d 693, app. dsmd. 10 N Y 2d 808.) The service on Kelley was not sufficient service because he was not a "managing agent" and, therefore, the service was void, and the appellant had the right to insist that it would not be bound by such service. (*Kramer* v. *Buffalo Union Furnace Co.*, 132 App. Div. 415.) Order reversed, on the law and the facts, and the motion to dismiss the complaint and to vacate and set aside the service of the summons and complaint on the defendant Erie-Lackawanna Railroad Company granted, without costs. Gibson, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Staley, Jr., J.