Carlos R. LAVENDER–CABELLERO, Individually and on behalf of all others similarly situated, Plaintiff,

v.

DEPARTMENT OF CONSUMER AFFAIRS OF the CITY OF NEW YORK, Elinor G. Guggenheimer, Individually and in her capacity as Commissioner and chief executive officer of the Department of Consumer Affairs of the City of New York, and her successors in office, et al., Defendants.

No. 77 Civ. 6201 (RWS).

United States District Court,
S. D. New York.

Oct. 24, 1978.

---

Steven Savner, Isabelle Katz Pinzler, New York City, for plaintiff National Employment Law Project, Inc.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant, by Angelo Aiosa, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendants here seek dismissal, pursuant to Rule 12(b), Fed.R.Civ.P., (i) of plaintiff's claims premised on Title VII of the Civil Rights Act of 1964, (ii) of plaintiff's claims under the Fourteenth Amendment and (iii) of certain of the defendants upon grounds of insufficiency of service of process. For the reasons set forth below, the motions to dismiss certain defendants for insufficiency of process and to dismiss the Title VII claims are granted; the motion to dismiss the Fourteenth Amendment claims is denied.

*Motion to Dismiss Title VII Claims*

■ Defendants' motion to dismiss all claims made under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), presents an issue of law which appears unsettled and has not been the subject of any decision in this Circuit. Since the 1972 amendments, Title VII has been applied to state and local governments, as employers. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). The question here presented is whether Title VII should be extended to a city agency in the exercise of its statutory mandate to issue licenses, in this instance, to process servers.

No party has set forth, nor has this court been able to find, any explicit language, in either the statute or the legislative history, to illuminate this issue. Plaintiff urges a broad and liberal interpretation to accomplish the remedial purposes of the statute, requiring Title VII to be extended to a state licensing agency, even absent any explicit authorization. Defendants maintain that Congress, by the absence of a specific declaration, intended to eschew the application of Title VII to the historical state function of licensing.

In the 1960's, the effort to prevent discrimination in the nation was codified by Congress in new civil rights legislation. The Civil Rights Act of 1964 ("the Act"), as with any legislation creating new rights and remedies in an area marked by turmoil and passion, was not perfect, but it provided a foundation upon which Congress could build as the issues and the nation's requirements became clarified. Included among the 1972 revisions of the Act was a provision which explicitly extended Title VII to state and local governments who were employers within the meaning of the Act. Now this court is urged to extend the application of Title VII to a city agency in the exercise of its licensing function since obvi-

ously enough, licensing can affect employment.

To say that Congress was unaware of potential employment-related problems resulting from state and city licensing would be to deny reality. However, Congress chose not to enact provisions which would have extended Title VII in the fashion requested by the plaintiff. Were the position of the plaintiff adopted by the court, then every state licensing function involving employment would logically fall under the sweep of Title VII. No demonstration has been made in this action, or indeed in this city and this state, that such a sweeping court legislation is required to prevent manifest discrimination. Indeed, even if such a demonstration could be mounted here, or elsewhere in the nation, it should properly be made in the halls of Congress, not the courtroom.

The decisions cited by the plaintiff do not require a contrary conclusion. In *Sibley Memorial Hospital v. Wilson,* 160 U.S.App. D.C. 14, 488 F.2d 1338 (1973) the court extended Title VII to a private employer who by authorizing persons to perform nursing duties had the capacity to discriminate with respect to an individual's employment opportunities. The plaintiff was not a state or city licensing agency performing a separate, and presumably necessary public, as opposed to private function, separate and apart from employment itself.

Similarly, in *Puntolillo v. New Hampshire Racing Commission,* 375 F.Supp. 1089 (D.N. Hampshire 1974) the plaintiff-defendant relationship was primarily one of employment (*id.* at 1092); in fact, defendant actually operated a raceway and had jurisdiction over all facets of harness racing. *Id.* at 1090 n. 4. Here the licensing agency has absolutely no relationship to the plaintiff or his employment other than as a consequence of performance of its duties pursuant to its police powers, rather than as a result of proprietary powers, as in *Puntolillo.*

The distinction between the proprietary and essentially private functions described in *Sibley* or *Puntolillo* and the regulatory function delineated by the line of cases holding that governmental bodies are not employers within the meaning of Title VII when exercising their licensing function with respect to bar examinations (*see e. g. Tyler v. Vickery,* 512 F.2d 1089, 1096 (5th Cir. 1975), *cert. denied,* 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976); *Woodward v. Virginia Bd. of Bar Examiners,* 420 F.Supp. 211 (E.D.Va.1976)) is persuasive. Although a process server's license is not a professional license, the city does have a compelling interest in the service of process within its jurisdiction. This court is not blind to the recent controversy of alleged "sewer service" and the corresponding public and governmental interest in assuring the elimination of such practices and the proper service of process to those subject to its judicial system. To impose the Federal oversight of state regulation of such interests required by Title VII, the Congressional mandate must be more explicit. *See e. g. Palmer v. Massachusetts,* 308 U.S. 79, 60 S.Ct. 34, 84 L.Ed. 93 (1939); *F.T.C. v. Bunte Bros.,* 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881 (1941). This is particularly so where the state and city agencies are subject to their own legislative and constitutional mandates to prevent discrimination. Defendants' motion to dismiss plaintiff's Title VII cause of action is granted.[1]

*Motion to Dismiss Fourteenth Amendment Claims*

Defendant moves to dismiss plaintiff's claims for monetary relief under the Fourteenth Amendment on the ground that such claims are time-barred. Since the Fourteenth Amendment has no specifically

---

1. Although no longer relevant for purposes of this opinion, it should be noted that plaintiff's claim was timely filed under § 706 of Title VII, 42 U.S.C. § 2000e–5. Having initially filed his charge of discrimination with the EEOC, plaintiff's time for filing charges was extended from 180 to 300 days. *Id.* The period did not begin to run until on or about December 12, 1974, when plaintiff's prospective employer received the letter which for the first time advised plaintiff of the reason he was denied a license.

stated period of limitation for bringing suit, the controlling period is the one most appropriate under the laws of New York. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Since (i) the complaint is not couched in terms of a tort action, (ii) the defendants here are individuals and not the city and (iii) plaintiff's Fourteenth Amendment claims are interrelated with his statutory claims under 42 U.S.C. §§ 1981, 1983 and 1985(3), this court concludes that the most appropriate state limitation period is that provided by C.P.L.R. § 214(2), and not General Municipal Law § 50–i. *Martin Hodas, East Coast Cinematics v. Lindsay,* 431 F.Supp. 637 (S.D.N.Y.1977). Since the instant action was commenced within the applicable three year period, it is not time-barred.

*Motion to Dismiss For Insufficiency of Service of Process*

■ Although this action was commenced approximately one year ago, defendants Opotowsky and Baez have yet to be served with process. Plaintiff has not complied with Rule 4(d)(1), Fed.R.Civ.P., or C.P.L.R. § 308. Merely dropping off a summons with Shelly J. Sherman, a fellow employee of these defendants, without any authorization to Ms. Sherman to accept service or any representation by her that she would deliver the summons to Opotowsky and Baez is insufficient service of process. *McDonald v. Ames Supply Co.,* 22 N.Y.2d 111, 291 N.Y.S.2d 328, 238 N.E.2d 726 (1968). Plaintiff has submitted no explanation, or affidavit of the process server, indicating that the server "acted reasonably and diligently in attempting to fulfill the statutory mandate and under circumstances bringing the questioned process within the purview of the person to be served." Id. at 115–16, 291 N.Y.S.2d at 332, 238 N.E.2d at 728. The complaint against defendants Opotowsky and Baez is dismissed.

SO ORDERED.