Gabrielli, J.
(concurring). I concur in result, since I agree that the Appellate Division did not err in concluding, upon the record before it, that Mrs. Robertson was impliedly appointed an agent for purpose of receiving service of process upon the corporation (CPLR 311, subd 1; cf. 318). Because an affirmance can be premised upon this well-established statutory ground in accord with traditional principles of law, it is inappropriate and unnecessary for the court to engage in an expansive discussion of principles of due diligence that have little or no application to this type of service of process.
I find the majority’s apparent emphasis upon the reasonableness of the process server’s behavior rather than upon his ultimate success in serving process upon a proper party disturbing. Delineation of the proper means of commencing an action by service of process is a matter for the Legislature, and should not be varied by the courts as long as the requisites of due process are fulfilled. In this State, service upon a corporation is, to a large extent, governed by CPLR 311 (subd 1) (see, also, Business Corporation Law, §§ 304, 306, 307), which in plain language requires that process actually be delivered to any one of several listed corporate representatives. Since actual delivery to the proper person is the criterion established by the statute, delivery to a corporate employee not listed in CPLR 311 (subd 1) will not normally provide personal jurisdiction over the defendant corporation (see McDonald v Ames Supply Co., 22 NY2d 111; Isaf v Pennsylvania R. R. Co., 32 AD2d 578; see, also, Ives v Darling, 210 App Div 521), regardless of the reasonableness of the process server’s endeavors.
It is, of course, true that actual delivery may be excused in certain extraordinary situations in which the process server is unable to hand the summons to the proper party because of an affirmative attempt to evade service (see, generally, Me- *275 Donald v Ames Supply Co., 22 NY2d, at p 115, supra). Thus, a corporation which instructs its agents to attempt to prevent proper service by misleading a process server could not so readily subvert the "duty upon persons within the jurisdiction to submit to the service of process” (Gumperz v Hofmann, 245 App Div 622, 624, affd without opn 271 NY 544). Similarly, it may well be that a corporation is to be estopped from denying the propriety of service when performed in accord with the directions of a corporate agent possessed with actual or apparent authority to direct a visitor to the proper person. In all such cases, however, service is to be deemed complete because the lapse is caused by the improper behavior of the recipient, and not because the process server acts reasonably or with due diligence.
I cannot concur in the majority opinion because it appears to sustain service not as a result of actual delivery to the proper person, nor because of any attempt to evade service by the corporation or any other misconduct by a corporate agent which could sustain an estoppel against the corporation, but rather solely on the ground that the process server has acted reasonably. Such an analysis accords with neither precedent nor logic and will only have the unfortunate result of encouraging sloppy service and creating unnecessary litigation over the validity of that service. The primary responsibility for ensuring proper service is upon the plaintiff and his agent, the process server. CPLR 311 (subd 1) sets forth a means of service upon a corporation which is both simple and readily followed. The only question which should normally be involved in determining whether service was proper is whether the mandates of the statute were followed and the proper person served. If these conditions are not met, that failure will generally be the responsibility of the process server and will operate to the detriment of his principal, the plaintiff. I see no justification for beclouding this inquiry by making it turn upon the less than precise standard of reasonableness promulgated by the majority, for such can only encourage attempts to retroactively revive failed attempts at service by later claims that under the circumstances the process server acted reasonably. If the validity of service is to turn upon the diligence and good faith of the process server, rather than upon his success in serving process, such a change in the law should be accomplished by the Legislature, and not decreed by this court.
*276 At any rate, in the instant case there exists no need to create or apply such an extraordinary ameliorative doctrine, for the record amply supports the determination made by the Appellate Division that Mrs. Robertson was at least impliedly appointed a corporate agent for receipt of process.
Chief Judge Cooke and Judges Jasen, Jones, Fuchsberg and Meyer concur with Judge Wachtler; Judge Gabrielli concurs in a separate opinion.
Order affirmed, with costs. Question certified answered in the affirmative.