Ira W. KUHLIK and Lincolnwood,
Inc., Plaintiffs,

v.

ATLANTIC CORPORATION,
INC., Defendant.

No. 85 Civ. 8013 (RWS).

United States District Court,
S.D. New York.

Sept. 12, 1986.

Christopher Lovell, P.C., New York City, for plaintiffs.

Carro, Spanbock, Fass, Geller, Kastner & Cuiffo, New York City, for defendant; Vincent Lipari, of counsel.

SWEET, District Judge.

Defendant Atlantic Corporation, Inc. ("Atlantic") has moved against the plaintiffs, Ira W. Kuhlik and the now defunct Lincolnwood, Inc. (collectively "Lincolnwood"), in the above captioned action, for an order dismissing the complaint for insufficiency of service of process and striking plaintiffs' request for a default judgment as made to a clerk of this court. For the reasons set forth below, the motion is denied in part and granted in part.

**Facts**

Lincolnwood's complaint alleges that it entered into an agreement with Atlantic whereby Atlantic would engage in silver arbitrage trades and remit certain commissions on such trades to plaintiffs. The complaint asserts causes of action stemming from a breach of the alleged agreement, for breach of contract, statutory fraud, and common-law fraud. Plaintiffs seek damages which are presently undetermined but believed to be in excess of $15,000, excluding costs and attorneys' fees.

The complaint was first served by mail in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii). Atlantic did not acknowledge such service within the prescribed twenty-day time period, *id.,* and on February 14, 1986 a process server delivered the summons and complaint to a receptionist sitting in Atlantic's corporate offices in Chicago, Illinois. The process server approached the receptionist, informed her of the purpose of the visit and asked to see a person "in charge." (Affidavit of Sarah Gedrimas, July 18, 1986). The receptionist left the room, returned, said that the requested person was unavailable but that she "could accept the summons for them." *Id.*

Atlantic did not answer the complaint or move in accordance with Fed.R.Civ.P. 12, and in June, 1986 plaintiffs requested that a default judgment be entered by the clerk of this court pursuant to Fed.R.Civ.P. 54(c) & 55(b)(1). This request for a default judgment and accompanying affidavits were served upon Atlantic on June 17, 1986.

On June 24, 1986 this court received Atlantic's notice of motion regarding the current motion to dismiss the complaint for insufficiency of service and to deny plaintiffs' request for a default judgment.

**Discussion**

■ In its complaint, Lincolnwood bases jurisdiction on both the Commodity Exchange Act, 7 U.S.C.A. § 25 (West Supp. 1986) and the existence of diversity of citizenship between the parties, 28 U.S.C.A. § 1332 (West 1966 & Supp.1986). Since the Commodity Exchange Act does not provide for a form of service in a private action, Fed.R.Civ.P. 4(e) and (f) direct that service of process upon defendant, an Illinois corporation, is effective if made in compliance with the rules of the state in which the district court sits. *United States v. First Nat'l. City Bank,* 379 U.S. 378, 381, 85 S.Ct. 528, 530, 13 L.Ed.2d 365 (1964). Thus, service on an out-of-state corporation is governed by the New York "long-arm" statute, N.Y.Civ.Prac.R. § 302 and § 311 (McKinney 1972 & Supp.1986), providing for service upon a corporation.

The issue presented by this motion is whether plaintiffs served the complaint upon a corporate employee authorized to accept such service.[1] The court "must consider the pleadings and affidavits in the light most favorable to the plaintiff who is the non-moving party." *Top Form Mills v. Sociedad Nationale, Ind.,* 428 F.Supp. 1237, 1241 (S.D.N.Y.1977). The New York

---

1. The effect of the initial, mailed complaint is not at issue on the current motion. Fed.R. Civ.P. 4(c)(2)(C)(ii) clearly states that if mailed service is not acknowledged within 20 days of mailing, then personal service shall be made. Plaintiff complied with this requirement.

State rule regarding service on a corporation lists various employees, specifically named by title, who can be validly served: "an officer, director, managing or general agent, or cashier or assistant cashier." N.Y.Civ.Prac.R. § 311. Additionally, the rule allows service to be made upon "any other agent authorized by appointment or by law" to receive service. *Id.*

■ The recipient of service at Atlantic's corporate offices was a receptionist. Clearly, a receptionist does not come within any of the specific job titles enumerated in the New York rule. Atlantic's receptionist, for reasons discussed below, was an implied agent authorized by appointment and capable of accepting service for Atlantic.

The Court of Appeals of New York comprehensively discussed the service provisions of N.Y.Civ.Prac.R. § 311 in *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 428 N.Y.S.2d 890, 406 N.E.2d 747 (1980). In *Fashion Page*, an executive secretary to the defendant corporation's vice-president was served after the process server was directed to her by a receptionist. The secretary was informed as to the contents of the served documents, identified herself as authorized to accept service and voluntarily accepted the documents. She then turned over the complaint to the vice-president who in turn forwarded it to the corporation's legal department. Both the secretary and the vice-president testified that service had been accepted and internally processed in the same manner for a number of years.

The court noted that the secretary was endowed with more responsibilities than the "average" secretary but she clearly was not an officer or managing agent, nor had she been expressly authorized to accept service. *Id.* at 270, 428 N.Y.S.2d at 892, 406 N.E.2d at 749. Thus, the nature of her job and its title was not at issue. The court recognized that corporations can and do fashion their own internal procedures for performing functions such as accepting service of process and thus can impliedly authorize acceptance of service:

The corporation however cannot escape the consequences of establishing alternative procedures which it may prefer. In such a case the process server cannot be expected to know the corporation's internal practices. Reliance may be based on the corporate employees to identify the proper person to accept service.

*Id.* at 272, 428 N.Y.S.2d at 893, 406 N.E.2d at 751.

■ The standard for determining whether service is valid in a situation where no express authorization to accept service by reason of designation or job title exists is whether "service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice." *Id.* This standard is circumstantial and depends on the "reasonableness" of the process server's actions in serving the complaint. *Id.* Given some showing of diligence and proper respect for the rules of service, the *Fashion Page* standard prevents a corporation from "complain[ing] that the summons was delivered to the wrong person when the process server has gone to its offices, made proper inquiry of defendant's own employees, and delivered the summons according to their directions." *Id.*

Here, as in *Fashion Page*, a clerical employee of Atlantic accepted service after communicating to the process server that she *could* accept it. That she first went to look for someone else "in charge" of the office to accept service is not necessarily an indication that in their absence she was without authorization. The process server is not privy to internal corporate procedures and must rely on information supplied by the corporation's employees. The process server was not required to make further inquiry but rather was entitled to rely on the receptionist's representation of authority.

■ The cases cited by Atlantic are inapposite. In both *Arce v. Sybron Corp.*, 82 A.D.2d 308, 441 N.Y.S.2d 498 (2d Dept. 1981) and *Colbert v. International Security Bureau, Inc.*, 79 A.D.2d 448, 437 N.Y.S.2d 360 (2d Dep't 1981), the process server

forced the complaint on an unwilling receptionist, or other low level clerical employee, who clearly stated that they were not authorized to accept service. Once service is refused, no argument remains for implied authorization.

■ The rules of service are designed to give fair notice of the commencement of an action to the corporation and to effectuate this legislative goal the rules should be construed liberally. *Fashion Page,* 50 N.Y.2d at 271, 428 N.Y.S.2d at 893, 406 N.E.2d at 750. Not only was the service effected "reasonably calculated" to afford such notice, but it appears that Atlantic did in fact receive actual notice. Atlantic's participation in this litigation consisting in part of affidavits made before the date of the service of the requested default judgment, and this motion to set aside service, are both evidence that the first summons had been received. *See McDonald v. Ames Supply Co.,* 22 N.Y.2d 111, 115, 291 N.Y.S.2d 328, 331, 238 N.E.2d 726, 728, (1968). Although actual notice does not in itself serve to validate the service of process, it is evidence that the legislative goal of fair notice, which underlies the rules of service of process, has been fulfilled.

Lincolnwood has also made a request to the clerk of this court that a default judgment be entered pursuant to Fed.R.Civ.P. 55(a) & (b)(1) based upon the failure of Atlantic to answer the complaint or move in accordance with Fed.R.Civ.P. 12. Lincolnwood has subsequently asked this court to view the request as, alternatively, a request to the court under Fed.R.Civ.P. 55(b)(2).

■ The applicable standard for deciding a motion to deny a requested default judgment is the same as that used to determine a motion to set aside the entry of a default judgment under Fed.R.Civ.P. 55(c). *Meehan v. Snow,* 652 F.2d 274 (2d Cir.1981). The standard requires consideration of the following factors: whether the defendant defaulted willfully; whether denying the requested default judgment would prejudice the plaintiff; whether it appears that the defendant has substantial defenses;

and whether issues of fact are presented. *Id.* at 277; *Hazzard v. Weinberger,* 382 F.Supp. 225, 228 (S.D.N.Y.1974), *aff'd,* 519 F.2d 1397 (2d Cir.1975). It is within the discretion of the court to grant or deny a motion for a default judgment made to the court. *Davis v. Musler,* 713 F.2d 907, 912 (2d Cir.1983).

Lincolnwood has failed to show that a denial of its request would result in prejudice to its interests in this litigation. Additionally, Atlantic's briefs detail defenses and disputed issues of fact which are sufficiently substantial to warrant adversarial proceedings. *See Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 57 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

■ Atlantic denies that there was a binding agreement between itself and the plaintiffs. Denial of the existence of a contract is a defense of such a fundamental nature, that, coupled with the disputed length of the parties' involvement and the number of trades that occurred, it is sufficient to prompt this court to resolve any doubts in favor of a trial of the merits of the dispute. Accordingly, Atlantic's motion to deny the requested default judgment is granted.

IT IS SO ORDERED.