NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada corporation; HERBALIFE INTERNATIONAL, INC., a Nevada corporation, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> HEALTHY1 INC., a New York corporation; ALICE MARTINEZ, DBA Good Health, on the website www.amazon.com and as nutritionall88 on the website www.ebay.com, DBA Wellness World, bestvitaminusa, an individual, <br><br> Defendants-Appellants, <br><br> and <br><br> DOES, 1-10, <br><br> Defendant. | No.  19-56435 <br><br> D.C. No. 2:18-cv-06378-JFW-JC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 6, 2020[**]
Pasadena, California

Before: HURWITZ, BRESS, and BUMATAY, Circuit Judges.

Herbalife International, Inc., and Herbalife International of America, Inc. (collectively "Herbalife"), sued Alice Martinez and Healthy1, Inc. (collectively "Defendants"), alleging that Defendants were selling Herbalife's products on Amazon and eBay without permission. Herbalife effectuated service of process and neither defendant filed a responsive pleading within the requisite time, so the clerk of court entered a default pursuant to Federal Rule of Civil Procedure 55(a). Shortly after, Herbalife took discovery from Amazon and PayPal to prove up their damages. Herbalife then filed a motion for entry of a default judgment.[1] Herbalife's motion sought a permanent injunction and $8,419,400.75 in damages in the form of disgorgement of Defendants' profits, which were calculated based on the evidence obtained from Amazon.

On July 8, 2019, the district court granted the motion and entered a default judgment. In November 2019, Defendants filed a motion to set aside the judgment under Rule 60(b), arguing that neither Martinez nor Healthy1, Inc., were properly

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Herbalife served this motion on Defendants via mail, at the same address where personal service of the complaint was effectuated, but Defendants did not respond.

served.  The district court denied that motion and Defendants appealed.  Defendants raise two contentions on appeal: (1) that the district court abused its discretion in denying their motion to vacate for improper service; and (2) that the district court erred in entering the default judgment.  Because the first claim is without merit and the second claim is both untimely and was not raised below, we affirm.

A default judgment is void if the defendant "has not been made a party by service of process." *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  Martinez raises two arguments for why service was invalid: (1) that the person Herbalife served was not actually her; and (2) even assuming the person served was her, such service was legally deficient.  "We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process," but review the district court's factual findings regarding jurisdiction for clear error.  *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007).

First, while Martinez claims that this is a case of "mistaken identity," a mountain of evidence supports the district court's finding that Martinez was served.  A licensed process server swore in an affidavit that he personally served Martinez on August 8, 2018, at a residence on 192nd Street, Flushing, New York.  The process server identified Martinez by comparing her appearance to photographs downloaded from Martinez's Facebook page.  An associate of the process server also took a

picture of the woman at the 192nd Street address, and the district court determined the photograph was of Martinez. Likewise, a corporate filing for an unrelated company identifies Martinez as an officer and lists her address as the 192nd Street residence. Vehicle registration documents show that Martinez owns a Toyota minivan with the license plate "GPW9014," which the process server noted and photographed as being parked in the driveway of the 192nd Street residence at the time of his service on Martinez. Finally, when the same process server later served legal documents on Martinez in an unrelated case she admitted that she was Martinez.

Martinez does not directly dispute any of this evidence. Instead, she relies on a barebones declaration denying receipt of service, claiming that she "did not reside" at the 192nd Street address, did not have any "purpose" for being at that address, and that she "would have likely been located at [her] residence" at the time of service." Notably, she does not declare where her residence was at the time, where she actually was on August 8, 2018, or whether she was the person who answered the door as alleged by the process server. Given this record, the district court's finding that Martinez was the woman served on August 8, 2018, was not "clearly erroneous"— it was well justified.

Second, Martinez argues that, even assuming these facts, service was legally deficient because she did not physically take the documents. Martinez is mistaken.

State law controls service of process. Fed. R. Civ. P. 4(e)(1). In New York, service can be effectuated "by delivering the summons within the state to the person to be served." N.Y. C.P.L.R. § 308(1). Martinez's contention that the relevant documents were not delivered to her because she did not physically take them is incorrect under New York caselaw. New York's highest court has held that "under CPLR 308 (subd 1), delivery of a summons may be accomplished by leaving it in the 'general vicinity' of a person to be served who 'resists' service." *Bossuk v. Steinberg*, 58 N.Y.2d 916, 918 (1983) (quoting *McDonald v. Ames Supply Co.*, 22 N.Y.2d 111, 115 (1968)). So "if the person to be served interposes a door between himself and the process server, the latter may leave the summons outside the door, provided the person to be served is made aware that he is doing so." *Id.* Here, Martinez refused to open the door to accept receipt of the documents from the process server. The process server then wedged the documents into the wrought-iron screen door and affirmed that Martinez saw him do this and knew that the materials left were for her. (Martinez does not dispute this fact in her affidavit.) Accordingly, under New York law, Martinez was properly served.

And because service of a corporation can be effectuated through personal service on any of its officers, Herbalife's service of Martinez (the company's president) also constitutes valid service of Healthy1. *See* N.Y. C.P.L.R. § 311(a)(1) (providing that personal service on a New York corporation can be accomplished by

5

delivering the summons to an "officer, director, managing or general agent, or cashier or assistant cashier" of the corporation).

Finally, Martinez argues that the district court erroneously entered the default judgment and miscalculated damages. Although a Rule 60 motion can extend the time to file the notice of appeal, to do so the Rule 60 motion must itself be filed within "28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Martinez did not file her Rule 60 motion until November 4, 2019 (119 days after judgment was entered on July 8, 2019), and she did not file her notice of appeal until December 9, 2019. Accordingly, Martinez's notice of appeal is untimely as to the order entering default judgment. *See* Fed. R. App. P. 4(a)(1)(A) (in a civil case, the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from"). Because Herbalife properly invoked Rule 4(a)(4)'s mandatory deadline, we must enforce it. *See Hamer v. Neighborhood Hous. Servs.*, 138 S.Ct. 13, 17–18 (2017); *Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (Fed. R. App. P. 4(a)(4) is a mandatory claim-processing rule under *Hamer*). Moreover, Martinez in the district court did not challenge the amount of the default judgment, and "[i]ssues not presented to the trial court cannot generally be raised for the first time on appeal." *United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir. 1991).

**AFFIRMED**.