(91 App. Div. 94.)

### EISENHOFER v. NEW YORKER ZEITUNG PUBLISHING & PRINTING CO.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. **SERVICE OF SUMMONS—CORPORATIONS—CASHIER.**

Code Civ. Proc. § 431, authorizing service of summons on a domestic corporation by delivering a copy to the cashier, does not authorize such service by delivering a copy to one who has no interest in the corporation, except that he receives the price of papers sold by him in one of its departments.

2. **SAME—ACTUAL RECEIPT BY DEFENDANT.**

That a summons, served otherwise than as prescribed by statute, reached the defendant, does not render the service valid.

Appeal from Special Term, New York County.

Action by Pauline Eisenhofer against the New Yorker Zeitung Publishing & Printing Company. From an order denying a motion to set aside the service of the summons and complaint, defendant appeals. Reversed.

For former opinion, see 85 N. Y. Supp. 1129.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Benno Loewy, for appellant.
Otto Greenberger, for respondent.

McLAUGHLIN, J. The defendant is a domestic corporation, and jurisdiction of it in this action was sought to be obtained by service of the summons and complaint on one Holz. After such service had been made, the defendant appeared specially for the purpose of moving that the service be set aside upon the ground that Holz was not a person upon whom service could be legally made. The motion was denied, and the defendant has appealed.

Jurisdiction of a domestic corporation can only be obtained, in the absence of voluntary appearance, by service of process in the manner indicated in section 431 of the Code of Civil Procedure. This section, so far as the same is material to the question here under consideration, reads as follows:

"Personal service of the summons upon a defendant, being a domestic corporation, must be made by delivering a copy thereof within the state as follows: * * * (3) in any other case to the president or other head of the corporation, the secretary or clerk to the corporation, the cashier, the treasurer or managing agent."

It is sought to justify the service upon Holz on the ground that he is a cashier, within the meaning of the section. It is true, he receives

money in a branch of the defendant's business; but this does not constitute him a cashier, within the meaning of the section, any more than it makes him a managing agent. The cashier of a corporation is its financial agent. He is the one who has charge of its funds, and has the right to take charge of such funds to the exclusion of every other person. Winslow v. Staten Island Rapid Transit R. Co., 51 Hun, 298, 4 N. Y. Supp. 169. The fact is uncontradicted that Holz was not the cashier of the defendant, nor did he have any connection with it, except so far as he may have received the price of papers sold by him in one of its departments. To say that a mere clerk who receives payment of a bill due to the corporation is its cashier is a misnomer.

But it is urged that the service made accomplished the object of the statute, inasmuch as the papers served ultimately reached the desired place, which is evidenced by the fact that defendant, through its counsel, appeared specially for the purpose of moving that the service be set aside. Of course, the service of process for the commencement of an action or other legal proceeding is to give notice to the party proceeded against, and, if service which accomplish-- that end answers the requirements of the statute, then this service is good. But it does not, and for the obvious reason that the Legislature has seen fit to prescribe the manner in which jurisdiction of a domestic corporation may be obtained, and, where it is decreed that jurisdiction can be obtained only in a certain way, that way must be followed, to the exclusion of all others; and, unless it is, the service is ineffectual for any purpose. The Legislature has the power to say how jurisdiction of a corporation can be obtained. It has so declared, and it is for the courts to enforce its mandate, and not prescribe some other one. To say that service of process upon some one not authorized by statute is good, because it ultimately reaches the person intended, is to constitute the courts a legislative body, instead of one authorized to construe and enforce statutes made by the Legislature. The summons and complaint were not served upon any of the persons specified in the section of the Code referred to, and for that reason it was ineffectual for any purpose, and defendant's motion should therefore have been granted.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.