### VAN DAMM v. NEW YORK CENTRAL STORAGE CO.

(Supreme Court, Appellate Term. December 22, 1911.)

1. CORPORATIONS (§ 507*) — ACTION — SERVICE OF SUMMONS — OFFICER TO BE SERVED—"CASHIER."

    An employé of a corporation, whose duties are confined to bookkeeping and to the receipt of money when defendant's superintendent is not in the office, and who does not indorse its checks, is not a "cashier," upon whom service of summons may be had, by which officer is meant the financial agent of a corporation, who has charge of its funds and has the right to take charge of such funds to the exclusion of every other person.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 507.*

    For other definitions, see Words and Phrases, vol. 1, pp. 999, 1000.]

2. CORPORATIONS (§ 432*)—ADMISSIONS—AGENT OR EMPLOYÉ OF CORPORATION.

    The admission by an employé of a corporation that he was its cashier is not binding on the corporation.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1733; Dec. Dig. § 432.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Heloise F. Van Damm against the New York Central Storage Company. From a judgment of the Municipal Court of the City of New York, entered upon an inquest upon the default of the defendant after the defendant's traverse to the service of summons had been overruled, defendant appeals. Reversed, and complaint dismissed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Reno R. Billington, for appellant.
Raphael Van Damm, for respondent.

LEHMAN, J. [1, 2] The trial court had no jurisdiction in this action, unless the summons was served upon the cashier of the defendant corporation. According to the testimony of the process server, it was served upon Ralph W. Maves, who admitted that he was the cashier. Even if such an admission was made, it is, of course, not binding on the defendant.

It appears from the return that the corporation has no cashier, and that Maves is only the bookkeeper. His duties are confined to bookkeeping and to the receipt of money when the superintendent is not in the office. He does not indorse the checks.

---

It was held in the case of Eisenhofer v. New Yorker Zeitung Publishing & Printing Co., 91 App. Div. 94, 86 N. Y. Supp. 438, that:

"The cashier of a corporation is its financial agent. He is the one who has charge of its funds, and has the right to take charge of such funds to the exclusion of every other person."

It follows that Maves was not "the cashier" of the defendant corporation, within the meaning of the statute.

Judgment must, therefore be reversed, and complaint dismissed, with costs to appellant. All concur.