Mario Pittoni, J.
Defendant’s motion to set aside the service of the summons allegedly served April 19, 1962 is granted.
This motion was motivated by written correspondence initiated by the plaintiff on November 1, 1963. The defendant disclaims knowledge of service upon it and claims that any service was upon one not authorized to receive it, either under section 228 of the Civil Practice Act or under section 311 of the Civil Practice Law and Buies.
*980 On the evidence before me, the employee who was served was not a managing or general agent. He had no executive duties and the defendant had another person who was the manager or managing agent. Merely because the employee who was served was stationed at a counter to take money from customers, to return change to them, to hand out bowling shoes, to designate which alleys they should use and to give some directions to other employees did not make him a managing or general agent. Then, too, the defendant’s premises and business included a lunch room and a bar, neither of which was connected with his duties. At these, too, other employees also handled money. Another point, the salary of the employee who was served, being no better than the equal of many other employees, took him out of the managerial class intended by section 228 of the Civil Practice Act and by section 311 of the Civil Practice Law and Rules.
The contention that the employee who was given the summons was a “cashier” under the cited sections must also fail. It takes more than the duty to receive money from customers, to give them change and to assign bowling shoes and lanes, to make him a “ cashier ” qualified to receive proper service under section 228 of the Civil Practice Act or section 311 of the Civil Practice Law and Rules. His acts were merely subordinate and ministerial (Matter of Petrillo v. Lynn, 243 App. Div. 796 [2d Dept.]).
On the other hand, “ The cashier of a corporation is its financial agent. He is the one who has charge of its funds, and has the right to take charge of such funds to the exclusion of every other person.” (Eisenhofer v. New Yorker Zeitung Pub. Co., 91 App Div. 94, 95 [1st Dept.]; see, also, Taylor v. Commercial Bank, 174 N. Y. 181, 185; Russell v. Washington Life Ins. Co., 62 Misc. 403, 409.) In short, the employee who was served in this case was no more a cashier under the sections involved than a desk clerk in a hotel, a clerk at a “ putt-putt ” or miniature golf course who takes money, gives change and assigns clubs and ranges or at any other such enterprises where the employee’s duties are limited to receiving money, paying out change and helping and guiding customers. The defendant was not legally served and the motion is granted.