■ Blanche Scheib, Appellant, v Kathleen M. Curran et al., Defendants, and Montefiore Medical Center, Respondent. [643 NYS2d 64] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.) entered July 21, 1994, granting defendant Montefiore Medical Center's motion (1) to reject the findings of a Judicial Hearing Officer which recommended that plaintiff's service of process be upheld, and (2) to dismiss plaintiff's complaint for lack of in personam jurisdiction, reversed, on the law and the facts, without costs, and the motion denied.

The record supports the Judicial Hearing Officer's factual findings that plaintiff's counsel spoke with a representative of defendant, and pursuant to that individual's instructions, appeared at the Office of Risk Management located at 3414 Bainbridge Avenue, during business hours, in order to effect service of the summons and complaint. Notwithstanding notification from plaintiff's counsel that he was en route, the office door was locked early and nobody responded upon counsel's arrival during business hours. The Judicial Hearing Officer further found that an employee in an adjacent office "[v]oluntarily * * * suggested that [plaintiff's counsel] try the Risk Management Office at 3328 Rochambeau Avenue" and that defendant's employee called to inform them that plaintiff's counsel would be over to serve process momentarily. Arriving a few minutes later, plaintiff's counsel found this office closed as well. Having been twice thwarted at his attempt to make service by employees of defendant, plaintiff's counsel proceeded to the Office of the Comptroller—Finance, General Accounting and Special Funds and served the person in charge of the office.

Thus, the Judicial Hearing Officer's finding that defendant's employees' creation of plaintiff's counsel's service conundrum, by twice directing him to offices that then closed upon notification of his impending arrival, constituted evasion of service, is also supported by the record. Service was finally made upon Susan Redler, who reports directly to the Comptroller, supervises others, and, in so doing, exercises considerable judg-

ment and discretion upon behalf of defendant, given that her department accounts for over $400,000,000 in receipts and disbursements. Having weighed "the circumstances of [this] particular case" (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 273), we find that the Judicial Hearing Officer properly determined that plaintiff's counsel acted reasonably, and with due diligence to fulfill the mandate of CPLR 311 (1), and that, objectively viewed, the defendant received fair notice. Thus, service should be sustained. Concur—Ellerin, J. P., Rubin, Nardelli and Mazzarelli, JJ.

Tom, J., dissents in a memorandum as follows: I respectfully dissent and vote to affirm the IAS Court. CPLR 311 (1) provides:

"Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows * * *

"upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service".

It is clear that a corporation, in addition to the corporate personnel delineated in the statute, may assign the responsibility of accepting process to a particular agent (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 272). In effecting service, the process server must act reasonably, and with due diligence, under all of the circumstances present, in attempting to fulfill the mandate of CPLR 311 (1) (*see, McDonald v Ames Supply Co.*, 22 NY2d 111; *Tardella v RJR Nabisco*, 178 AD2d 737; *Austrian Lance & Stewart v Rockefeller Ctr.*, 163 AD2d 125; *Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.*, 110 AD2d 742).

In the matter at bar, it is uncontroverted that the defendant hospital had a designated agent for the receipt of service and that plaintiff's counsel, acting in the dual capacity of process server, inquired, and was correctly informed, that the person authorized to accept service on behalf of the hospital was a Mr. Brian Regan of the Office of Risk Management, located at 3414 Bainbridge Avenue, Bronx, New York. There is also no dispute that plaintiff's counsel attempted to serve process on May 23, 1990, the last day to timely commence an action against the hospital. Having arrived late in the day, approximately 4:55 P.M., and finding the designated office closed, he was allegedly directed by an unidentified individual in an adjacent office to the Risk Management Office on Rochambeau Avenue.

That office was also closed, as the hour was now past 5:00 P.M., so counsel randomly entered a third hospital building,

designated as 3322 Bainbridge Avenue, walked into the Office of Special Funds, and served a Ms. Susan Redler with two copies of the summons and complaint. Ms. Redler refused service, explaining she was not authorized to accept the papers and had no idea what to do with them. Counsel simply stated that she should give them to Brian Regan and thereafter left the premises.

In the first instance, I conclude that plaintiff's counsel did not act with due diligence, nor were his actions reasonable under the circumstances. Counsel appeared at the office where he was required to effect service just minutes before, or at closing time on the very last day on which the action could be commenced, which, in my view, is neither diligent nor prudent. In addition, the summons and complaint were eventually served on a non-designated person, at a location which was known not to be the proper office of service, on a person who repeatedly articulated that she was unauthorized and unable to accept service and would not do so. In essence, validating such service is tantamount to permitting service upon a corporation by designating almost any employee of the corporation as a person who is qualified to receive process at the very last minute so long as he or she is instructed by the process server to deliver the papers to the proper person. This mode of service is inconsistent with the mandates of CPLR 311 (1) and the intent of the Legislature, which is to give the corporation notice of the lawsuit by delivery of the summons to the officials or employees designated by statute.

Further, there is no evidence which even remotely shows that defendant corporation was attempting to avoid service of process. Rather it was counsel's own inexplicable delay in attempting to serve process on the last day at the last minute which resulted in plaintiff's predicament.

I also find the plaintiff's reliance on *Fashion Page v Zurich Ins. Co. (supra)* and, specifically, the Court of Appeals holding that CPLR 311 be afforded a liberal construction, to be misplaced herein. In that case, the Court of Appeals also instructed that in evaluating whether service should be sustained, "the circumstances of the particular case must be weighed". (*Supra,* at 273.) In *Fashion Page,* the person to whom the process server was eventually directed acknowledged authority to accept on behalf of the corporation. No such circumstances exist herein as Ms. Redler repeatedly explained she was in no position to accept service and did not know what to do with it or what procedures to follow.

Lastly, I find that Ms. Redler, the hospital's Director of

Special Funds, whose duties were to monitor grant money, was not a cashier within the meaning of CPLR 311 (1). The terms cashier and assistant cashier were added to the statute in order to further broaden the class of corporate officials to whom process can be delivered. A cashier, however, is not one who merely handles or receives money, but, rather, is a financial agent who has the right to take charge of funds to the exclusion of all other persons (*see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 311.02; *Oustecky v Farmingdale Lanes,* 41 Misc 2d 979, 980, quoting *Eisenhofer v New Yorker Zeitung Publ. & Print. Co.,* 91 App Div 94, 95; *see also, Weiss v Glatt Pack Kosher,* 138 AD2d 591).

There is no indication herein that Ms. Redler possessed such authority. Accordingly, I would affirm the IAS Court.