Dear Sheriff Peppersack:
You have requested our opinion whether members of the Sheriff's Office have the authority to enter private property in "gated communities" in order to serve legal process in a civil proceeding.[1] Our opinion is that an officer may not use force, threat of force, or threat of arrest to gain entry.
If a deputy sheriff cannot gain entry into a gated community to serve process, the appropriate response will vary, depending on the nature of the process and the circumstances that prevented entry. If the process in question is a summons issued after the filing of a complaint, and if the circumstances surrounding the officer's inability to pass through the gate suggest evasion of service by the defendant, the facts evidencing the evasion may be brought to the attention of the court by the plaintiff. The court may then authorize that the defendant be served by leaving process at the defendant's last known residence or place of business with a person of suitable age and by mailing a copy to the defendant by regular first class mail. If the inability to serve a summons upon a defendant living in a gated community results from circumstances not indicative of evasion of service — for example, there is no guard at the gatehouse and a pass code is needed to enter — the plaintiff would be required to file an affidavit with the court indicating that a good faith effort was made to serve the defendant. The court may then order other means of service that it deems appropriate.
Some other types of process, like writs of garnishment, are subject to the same guidelines as summarized above for the inability to serve a summons. Yet, other types of process — most notably, a subpoena — are not subject to these guidelines. The mere inability to enter a gated community does not give rise to an alternative method of serving a subpoena. Instead, alternative service is available only if the officer encounters threats, violence, or superior force by the defendant or is prevented from accomplishing service by the defendant or by a guard at the direction of the defendant. The officer may then leave a copy of the subpoena with a responsible person at the premises or, if that is not possible, posted as near the premises as practicable.
 I Nature of "Process"
Maryland Rule 1-202(u) defines "process" as "any written order issued by a court to secure compliance with its commands or to require action by any person and includes a summons, subpoena, an order of publication, a commission or other writ." Rule 1-202(z) defines "summons" as "a writ notifying the person named in the summons that (1) an action against that person has been commenced in the court from which the summons is issued and (2) in a civil action, failure to answer the complaint may result in entry of judgment against the person and, in a criminal action, failure to attend may result in issuance of a warrant for that person's arrest." A valid judicial proceeding ordinarily cannot be had against a person until the person has been notified of the proceeding by proper process, unless notice by this formal means is waived. Lohman v. Lohman, 331 Md. 113, 130, 626 A.2d 384
(1993); Little v. Miller, 220 Md. 309, 315, 153 A.2d 271 (1959). The principal object or purpose of initial process is to give the court jurisdiction over the defendant and to afford the defendant an opportunity to be heard with respect to the claim. Mooring v.Kaufman, 297 Md. 342, 351, 466 A.2d 872 (1983).
Other types of process are issued after a proceeding has begun, or even after judgment has been entered. "Subpoena" means "a written order or writ directed to a person and requiring attendance at a particular time and place to take the action specified therein." Rule 1-202(x). "Writ" is defined as "a written order issued by a court and addressed to a sheriff or other person whose action the court desires to command to require performance of a specified act or to give authority to have the act done." Rule 1-202(aa).
 II Methods of Service Without an Order of Court
A. Personal or Mail Delivery
Rule 2-121(a) provides as follows:
 Service of process may be made within this State or outside this State when authorized by the law of this State, by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it, or by mailing to the person to be served a copy of the summons, complaint and all other papers filed with it by certified mail requesting: "Restricted Delivery — show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon delivery. Service outside the State may also be made in the manner prescribed by the court or prescribed by the foreign jurisdiction if reasonably calculated to give actual notice.
Thus, service of process is accomplished under subsection (a) by actual delivery of the process to the defendant or by mailing the process to the defendant under the prescribed method.[2]
Service in accordance with Rule 2-121(a) applies not only to service of a summons but also to service of all other civil process that incorporates the rule. For example, Rule 2-645(d), which addresses service of writs of garnishment, incorporates Rule 2-121. So does Rule 9-105(d), governing show cause orders for petitions for adoption or guardianship. Likewise, orders of alleged constructive civil contempt are to be served in accordance with Rule 2-121.See Rule 15-206(d).[3] Not all civil process, however, incorporates Rule 2-121. In particular, Maryland Rule 2-510(d) specifically provides that a subpoena be served by delivering a copy to the person named or an agent authorized to receive service for the named person.
Service by delivery requires that the defendant receive the process. Paul V. Niemeyer and Linda M. Schuett, Maryland RulesCommentary 94 (2d ed. 1992). See also Rule 2-124(a). In Quann v.Whitegate-Edgewater, 112 F.R.D. 649, 657 (D. Md. 1986), the process server indicated that he had legal papers for one of the defendants and simply left the process on the ground. 112 F.R.D. at 657. The court held that the defendant was not "served." Id. At the same time, delivery can sometimes be effected without the defendant's touching the papers. The general test is that even if the defendant refuses physical acceptance of process, service is complete if a defendant is in close proximity to a process server under such circumstances that a reasonable person would be convinced that personal service of process is being attempted. 62 Am. Jur. 2d Process § 205. In Williams v. Williams, 305 Md. 1, 3,501 A.2d 432 (1985), for example, the defendant identified himself as the person to be served, asked about the nature of the documents, and read the documents, but then disavowed his identity and refused to accept service. The court held that the defendant was properly served when the process server left the process on counter near the defendant, in the defendant's presence.
Thus, service of all civil process may be accomplished by delivery in person. Service of process by mailing a copy of the process to the person to be served by certified mail also may be used pursuant to Rule 2-121 itself, which is directly applicable to a summons, or if the rule governing another type of process incorporates Rule 2-121 — for example, writs of garnishment, show cause orders for petitions for adoption or guardianship, and orders of alleged constructive civil contempt.
A subpoena, however, or other process specifically required to be served by delivering a copy to the person may not be served by mail. The reason that a summons may be served by mail, but a subpoena may not, flows from the sanction that may be imposed for failure to obey. The failure to obey a summons can only result in an order of default, whereas failure to obey a subpoena subjects the witness to liability for body attachment and a fine. Rule 3-510(h). See also Maryland Rules Commentary at 365-66.
2. Service Resisted by Threat, Violence, Superior Force, orPrevention of Entry
When a process server encounters threats, violence or superior force, or is prevented from entering premises by the person to be served or that person's agent, service may be effectuated by leaving a copy of the process with a responsible person at the premises or, if that is not possible, by posting the process as near the premises as practicable. § 6-303(a) of the Courts and Judicial Proceedings ("CJ") Article, Maryland Code. Service under these circumstances is effective without the necessity of a prior order of court. CJ, § 6-303(b). Service of process in accordance with § 6-303 covers all civil process, including a subpoena or other process that requires delivery of a copy to the named person.
If service of process under this provision is challenged, the process server must present evidence that service was prevented or resisted by threats, violence, superior force, or refusal of entry emanating from the person to be served. In Miles v. Hamilton,269 Md. 708, 309 A.2d 631 (1973), for example, a process server placed the summons inside a sliding screen door of the defendant's house.269 Md. at 711. The Court of Appeals held that service was not effective, because the process server failed to present evidence that he was unable to serve the summons without force or personal risk:
 There was not the slightest intimation in this case of any prevention of service or resistance of service "by threats, violence, intimidation or superior force." The Miles residence with its signs, four strands of barbed wire and barking dogs does not conform to our conception of the meaning of a fortress or fortified place or building or . . . military post. . . .[4] It is obvious that the presence of the dogs in the yard did not deter the process server from knocking extensively at front and back doors on not one, but two different days. Accordingly, it cannot be said that the process server was unable to service the summons "without force, or personal risk."
269 Md. at 714. See also Sheehey v. Sheehey, 250 Md. 181, 186,242 A.2d 152 (1968).
In cases of refusal of entry to a gated community, CJ, § 6-303 may or may not apply, depending on the facts. A guard's refusal to permit entry by itself does not satisfy the statute. If, however, the guard refuses entry at the behest of the person to be served, CJ, § 6-303 does apply, and service may be effectuated by leaving a copy of the process with a responsible person at the premises or, if that is not possible, by posting the process as near the premises as practicable. See, e.g., F.I. duPont, GloreForgan Co. v. Chen, 396 N.Y.S.2d 343, 346 (N.Y. 1977) (service on an apartment building doorman was sufficient where resident told doorman not to admit callers without consent and doorman refused process server admittance into the apartment building's front entrance).
 III Methods of Substituted Service With an Order of Court
"Substituted service" is a form of service which may be used in lieu of personal service. 72 C.J.S. Process § 51. For service of a summons and other types of process to which Rule 2-121 applies, "substituted service" is allowed under the circumstances set forth in Rule 2-121(b) and (c).
Rule 2-121(b) provides authority for substituted service in the event that the defendant evades service:
 When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivery a copy of each to a person of suitable age and discretion at the place of business, dwelling house, or usual place of abode of the defendant.
"Evasion" is "the act of eluding, dodging or avoiding." Black'sLaw Dictionary 554 (6th ed. 1990). See also Aglin v. Nasif,46 So.2d 309, 311 (La. 1950). When a defendant acts to evade service of process, the facts evidencing the act of evasion may be brought to the attention of the court. "Evasion of service of process is not always easy to show. It requires affirmative acts to evade service of process, and the inability to serve, without more, is insufficient." Lohman v. Lohman, 331 Md. at 132 n. 9 (quoting Niemeyer and Schuett, Maryland Rules Commentary 96). See alsoSchieb v. Curran, 643 N.Y.S.2d 64, 65 (N.Y.App.Div. 1996) (defendant's actions constituted evasion of service of process where defendant's employees directed plaintiff's counsel to serve process at offices that closed upon notification of impending arrival of plaintiff's counsel); Spector v. Berman,500 N.Y.S.2d 735, 736 (N.Y.App.Div. 1986) (an intention to refuse to accept service was clear when the process server buzzed the defendant's intercom and announced that he had legal papers for him and defendant refused to meet the process server at the entrance or allow him into the building).
Substituted service pursuant to Rule 2-121(b) applies to a summons or other process that is to be served in accordance with Rule 2-121. Subpoenas are not served in accordance with Rule 2-121. Rather, they are subject to the specific service requirements in Rule 2-510(d). Therefore, alternate service under Rule 2-121(b) is not available when a witness is acting to evade service of a subpoena.
When, despite good-faith efforts, the plaintiff is unable to serve a summons on the defendant personally, but there are no acts of evasion, Rule 2-121(c) authorizes the court to tailor "any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."See generally Maryland Rules Commentary 96. The purpose of this subsection is to "accommodate unique or extraordinary circumstances that are not anticipated by the methods prescribed."Id. Perfunctory efforts at service will not amount to the required good faith efforts. In Lohman v. Lohman, for example, a wife did not make a good faith effort to serve her husband by mailing a copy blindly to one his two siblings without first asking them about the husband's whereabouts. Further, publication did not reflect a good faith effort when the newspaper used for publication was a local county newspaper, and mailing to the last known address was not done in good faith when that address was her own and she knew that her husband did not live there.331 Md. at 133-34.
The inability of a process server to enter a gated community might give rise to substituted service under Rule 2-121(c). If, for example, service cannot be effected because a guard (without the resident's knowledge or direction) refuses admittance, or there is no guard and a pass code or card is needed in order to enter, the plaintiff may file an affidavit with the court indicating that a good faith effort was made to serve the defendant pursuant to subsection (a) without success, and that service pursuant to subsection (b) is inapplicable. The court may then order other means of service that it deems appropriate and reasonably calculated to afford actual notice to the person to be served. See, e.g., Ibein v. Brechtel-Jochim Group, Inc.,8 Cal. Rptr. 2d 351, 354 (Cal.App. 1992) (service on gate guard proper where process server was denied access to the gated community by the guard).[5]
Like Rule 2-121(b), subsection (c) applies only to a summons and other civil process incorporating service under Rule 2-121. Service under the good-faith provision of Rule 2-121(c) does not apply to service of a witness subpoena, which is governed by Rule 2-510(d).
 IV Use of Force
Under the common law, an officer charged with executing a civil writ or process has no authority to break an outer door or other outside protection to a dwelling house or otherwise forcibly enter, even after a request for and refusal of admittance. 70 Am.Jur. 2d Sheriffs, Police and Constables § 109 (1987). If the officer does so, he or she ordinarily commits a trespass that would render service of process unlawful and void. Id. See alsoRemes v. Duby, 244 N.W.2d 440, 443 (Mich.App. 1976) (action of deputies in forcing their way into a dwelling house to serve civil process, despite fact that door was open to allow a resident of the house to enter, constituted breaking and entering). Cf.United States v. Olander, 584 F.2d 876, 888 (9th Cir. 1978),vacated on other grounds, 443 U.S. 914 (1979) (civil process does not violate Fourth Amendment rights as long as there is no breaking or entering to serve the process); State v. Beck,85 S.W.2d 1026, 1032 (Mo. 1935) (an officer may go upon an individual's premises without force to serve civil process).[6]
The underlying rationale is the ancient principle that "respects a man's home as his citadel, fortress, or asylum, not only for defense against injury and violence, but also for repose to his family. The object of the law expressed in the legal maxim is not to secure an immunity of goods against attachment on civil process, but rather to afford protection to the home and the family." State v. Pope, 103 P.2d 1089, 1091 (Wash. 1940). The Indiana Court of Appeals espoused a similar rationale in holding that a deputy sheriff could not prevent a defendant from closing the door to his home and refusing service of process:
 A man's house is deemed his castle, for safety and repose to himself and family; but the protection . . . would be illusive and imperfect if a man were deprived of the right of shutting his own door when he sees an officer approaching to execute civil process. If the officer cannot enter peacefully before the door is shut, he ought not to attempt it, for this unavoidably endangers a breach of the peace, and is as much a violation of the owner's right as if he had broken the door at first.
Casselman v. State, 472 N.E.2d 1310, 1313 (Ind.Ct.App. 1985).
This principle has been extended to buildings other than an individual's home. In Gateway 2000, Inc. v. Limoges,552 N.W.2d 591 (S.D. 1996), a sheriff sought and was denied entrance into the employee work area of Gateway to serve process on employees of that company. 552 N.W.2d at 594. The sheriff threatened Gateway management with arrest for obstruction of justice for failing to force employees to accept service of process and preventing his access to the employee work area. 552 N.W.2d at 595. Concluding that the sheriff's entrance by force or threat of arrest to serve civil process would constitute "breaking or entering," the South Dakota Supreme Court opined:
 The arrangement at Gateway is like the closed door [of an individual's home]. While the sheriff has access to the visitor center, the employee work area is like the dwelling house. If Gateway chooses, it can open its interior employee work area to the public and the sheriff, but once it "closes" the area to the public, the sheriff may not use force or threats to enter.
552 N.W.2d at 596.
Likewise, just as an individual can close the door at home to a deputy sheriff or process server, a guard to a gated community may refuse to allow a deputy sheriff or any process server entry into the community. In that case, a defendant will not be permitted to defeat service of process by rendering physical service impossible. See Khouri, Crew and Jaeger v. Sabek, Inc.,269 Cal.Rptr. 687, 689 (Cal.App. 1990). As discussed in Part III above, the court has the discretion to fashion a different method of service.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Kimberly Smith Ward Assistant Attorney General
_______________________ Jack Schwartz Chief Counsel Opinions Advice
[1] This opinion does not address service of a summons and charging document in a criminal proceeding. See Maryland Rule 4-212(c) and (d). Nor do we address in rem or quasi in rem
service of process. See Rule 2-122.
[2] In Maryland, "[s]ervice of process may be made a sheriff, or except as otherwise provided in this Rule, by a competent private person, 18 years of age or older, including an attorney of record, but not a party to the action." Rule 2-123(a). See also Kersten v. Van Grack, Axelson andWilliamowsky, P.C., 92 Md. App. 466, 476-77, 608 A.2d 1270 (1992).
[3] These examples are not intended to be an exhaustive list of all the types of process that are subject to Rule 2-121.
[4] Former Article 75, § 92 of the Maryland Code, the predecessor to CJ, § 6-303, in addition to addressing service of process that is prevented or resisted by threats, violence, intimidation or superior force, also addressed the situation in which the person to be served was "within any fortress, or fortified place or building, or at any military post within said jurisdiction and entrance thereto, or access therein to such person shall be by order or on the behalf of such person refused, obstructed or prevented, so that the officer charged with the service of such writ or process shall be unable to serve the same, or cannot do so without force, or personal risk. . . ." This language was deleted when the statute was codified in the Courts and Judicial Proceedings Article.
[5] Under California law, service on the guard gate was proper only after good faith efforts to personally serve defendant were unsuccessful and when service on the guard gate was promptly followed by mailing to defendant. No court order was required for substituted service.
[6] A sheriff or similar officer who breaks and enters a dwelling to serve a civil writ or process may be subject to personal liability for the wrong committed. 70 Am. Jur.2dSheriffs, Police and Constables § 109.
 *Page 165